

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORLANDO ESCOBAR, | No. 18-73040 |
| Petitioner, | Agency No. A201-238-202 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 30, 2020[**]
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

Petitioner Orlando Escobar, a native and citizen of Guatemala, seeks review

of the Board of Immigration Appeals' ("BIA") final order affirming the

immigration judge's ("IJ") denial of his request for asylum, humanitarian asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT").

1. The IJ had jurisdiction. See Aguilar Fermin v. Barr, 958 F.3d 887, 895 (9th Cir. 2020) (holding that there was no error in the BIA's determination that the lack of time, date, and place in the Notice to Appear sent to the petitioner did not deprive the immigration court of jurisdiction).

2. Substantial evidence supports the BIA's conclusion that Petitioner is not eligible for asylum or withholding of removal. The BIA engaged in an individualized analysis of the government's willingness and ability to confront Petitioner's father, finding that the father's arrest amounts to a fundamental change in circumstances rebutting Petitioner's specific ground for his fear of future persecution. Lopez v. Ashcroft, 366 F.3d 799, 804–05 (9th Cir. 2004). We are not compelled to hold to the contrary. See Leon-Hernandez v. INS, 926 F.2d 902, 904 (9th Cir. 1991) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (internal quotation marks omitted)).

Alternatively, substantial evidence supports the BIA's conclusion that Petitioner could relocate to another part of Guatemala and that doing so would be safe and reasonable. The BIA reasonably held that Petitioner's age, physical condition, fluency in Spanish, work experience, and familial financial support

meant he could relocate. Contrary to Petitioner's argument, the BIA adequately considered the relevant factors set out in 8 C.F.R. § 1208.13(b)(3). We are not compelled to hold otherwise.

3. Substantial evidence supports the BIA's conclusion that the government would not acquiesce in any torture. The government's arrest of Petitioner's father supports the conclusion that it is willing and able to address criminal activity. See Del Cid Marroquin v. Lynch, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) (quoting with approval a BIA statement that a government does not "'acquiesce' to torture where [it] actively, albeit not entirely successfully, combats the illegal activities" (internal quotation marks omitted)).

4. Contrary to the government's suggestion, Petitioner exhausted his humanitarian asylum claim. The BIA acknowledged and decided this issue, concurring with the IJ's determination that Petitioner is ineligible for humanitarian asylum. The BIA did not abuse its discretion on this issue. See Belayneh v. INS, 213 F.3d 488, 491 (9th Cir. 2000) ("When the BIA finds past persecution but no well-founded fear of future persecution, we review its denial of humanitarian asylum for an abuse of discretion.").

**PETITION DENIED**.